UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHARON RENIA GREGORY, | |
| Plaintiff, | No. 1:16-cv-03107-RHW |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** |
| Defendant. | |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 14 & 15. Plaintiff Sharon Renia Gregory brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 1**

for Summary Judgment and **REMANDS FOR FURTHER PROCEEDINGS** consistent with this Order.

## I. Jurisdiction

Ms. Gregory filed her applications for supplemental security income benefits on September 27, 2012. AR 184. Her initial alleged onset date was September 15, 2004, *id.*, but at the hearing her attorney amended it to July 6, 2012, which is also Ms. Gregory's clean and sober date. AR 41. Her application was initially denied on November 26, 2012, AR 71-77, and on reconsideration on February 7, 2013, AR 78-89.

Administrative Law Judge ("ALJ") Virginia M. Robinson held a hearing on August 1, 2014. AR 34-70. On November 25, 2014, the ALJ issued a decision finding Ms. Gregory ineligible for disability benefits. AR 19-29. The Appeals Council denied Ms. Gregory's request for review on April 8, 2016, AR 1-3, making the ALJ's ruling the "final decision" of the Commissioner.

Ms. Gregory timely filed the present action challenging the denial of benefits on June 8, 2016. ECF No. 3. Accordingly, Ms. Gregory's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to

do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the

claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc.*

*Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and accordingly, are only briefly summarized here. Ms. Gregory was born in 1971 and has a tenth grade education. AR 27, 59. She does not have a GED. AR 59. She has no past relevant work experience, AR 27, but she has done some "under the

table" maintenance and construction work, AR 43. Ms. Gregory has a substantial history of methamphetamine use. AR 41. She has been clean and sober since July 6, 2012. *Id.* She is the mother of five children, but she did not have custody of any at the time of the hearing. AR 40.

Ms. Gregory has multiple mental health impairments, including posttraumatic stress disorder and depression, as a result of a history of physical and sexual abuse. AR 476. She has stated that her drug use was an attempt at "self-medication" due to her abusive history. *Id.*

Ms. Gregory injured her left hand in 2005, but she was unable to have surgery until December 2013. AR 504-05. She testified that the delay in treatment was a result of lack of medical insurance, homelessness, and methamphetamine abuse. AR 44. Ms. Gregory alleges she has regular pain and numbness in her hand and has trouble grasping and holding items. AR 45.

## V. The ALJ's Findings

The ALJ determined that Ms. Gregory was not under a disability within the meaning of the Act since her amended alleged onset date of July 6, 2012. AR 29.

**At step one**, the ALJ found that Ms. Gregory had not engaged in substantial gainful activity since July 6, 2012 (citing 20 C.F.R. § 416.971 *et seq*.). AR 21.

**At step two**, the ALJ found Ms. Gregory had the following severe impairments: affective disorders, anxiety disorders, personality disorders, and drug and alcohol abuse (citing 20 C.F.R. § 416.920(c)). AR 21-22.

At **step three**, the ALJ found that Ms. Gregory did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1. AR 22-23.

At **step four**, the ALJ found Ms. Gregory had the following residual functional capacity: She can "perform a full range of work at all exertional levels with the following additional limitations. [She] can lift and carry up to 20 lbs. occasionally and up to 10 lbs. frequently, can stand and/or walk for approximately 6 hours in an 8-hour workday, and can sit for approximately 6 hours in an 8-hour workday with normal breaks. [She] can frequently climb ramps or stairs; can occasionally climb ladders, ropes, or scaffolds; can frequently stoop, kneel, crouch, or crawl; and can frequently handle, finger, and feel. She is limited to simple and routine tasks. She can have superficial interaction with co-workers and incidental interaction with the public (that is, interaction with the public is not part of the described job duties)." AR 23-27.

The ALJ determined that Ms. Gregory had no past relevant work and transferability of job skills was not an issue because of this. AR 27.

At **step five**, the ALJ found that in light of her age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Ms. Gregory can perform. AR 27-28. These include Cleaner Housekeeping; Hand Packager; and Bakery Worker, Conveyor Line. *Id.* The ALJ consulted a vocational expert in making this determination. *Id.*

## VI. Issues for Review

Ms. Gregory argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) failing to properly consider the opinion of examining psychologist Dr. Aaron Burdge, PhD, and (2) rejecting Ms. Gregory's symptom testimony for reasons that were not specific, clear, and convincing. ECF No. 14 at 1.

## VII. Discussion

**A. The ALJ erred with regard to the opinion of Dr. Aaron Burdge, PhD.**

**1. Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [his or her] interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

**2. Dr. Burdge's opinion.**

The ALJ gave "little weight" to the opinion of Dr. Burdge. AR 26. Dr. Burdge evaluated Ms. Gregory on October 23, 2012. AR 240-45. In his examination, Dr. Burdge performed a clinical interview, mental status examination, and multiple assessments. *Id.* Dr. Burdge found Ms. Gregory had

multiple marked limitations in functional areas of the ability to maintain a schedule, communicate and perform effectively in a work setting, complete a normal workday without interruptions, and maintain appropriate behavior in a work setting. AR 242-43. He additionally found moderate limitations in several other areas. *Id.*

A significant reason for devaluing Dr. Burdge's opinion was that the ALJ incorrectly believed Dr. Burdge examined Ms. Gregory on the same day as Dr. Leslie Morey, PsyD, and that the report by Dr. Morey "expressed clear reservation about the validity of results obtained from the psychological evaluation." AR 26. This demonstrates a fundamental misunderstanding of the record by the ALJ that requires remand. Dr. Morey and his staff are the authors of the Personality Assessment Inventory, a clinical report that was actually administered by Dr. Burdge. AR 241, 246-60. Contrary to the ALJ's conclusion, Dr. Morey never examined Ms. Gregory. AR 26, 241-60.

Moreover, the record indicates that Dr. Burdge also accounted for the distortion indicated on the Personality Assessment Inventory. AR 241. He noted that the results are "unlikely to be an accurate reflection of [Ms. Gregory's] objective clinical status." *Id.* Dr. Burdge further clarified that the Personality Assessment Inventory was included only with the intent to show Ms. Gregory's self-description. *Id.* Thus, Dr. Burdge recognized the inconsistency and considered

it in his overall final opinion. The ALJ does not account for this, and this is reversible error.

**B. The ALJ properly evaluated Ms. Gregory's credibility.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti,* 533 F.3d at 1039. First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996).

The ALJ provided a combination of reasons for the determination that Ms. Gregory was not entirely credible with regard to her subjective symptom

testimony. AR 24-25. While the Court does not agree with the ALJ's determination regarding Ms. Gregory's work history, as the record reflects clear explanation for her poor work history (namely her severe methamphetamine addiction), the Court does find that the ALJ provided specific, clear, and convincing reasons for the finding, specifically with regard to Ms. Gregory's activities of daily living. AR 25.

While one does not need to be "utterly incapacitated" to be eligible for benefits, *see Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), the record does not corroborate Ms. Gregory's allegation of entirely disabling limitations. The ALJ noted Ms. Gregory's ability to independently attend group therapy and Alcoholics Anonymous meetings, as well as grocery shop and perform household chores and yard work. AR 25, 38-55. In addition, Ms. Gregory testified that she was able to take lengthy car trips out of state to visit family and friends, which the ALJ cited as evidence of an ability to be more capable than alleged. AR 25, 55-56.

The Court finds that the ALJ did not err with the determination of Ms. Gregory's credibility because the ALJ provided legally sufficient reasons for doing so.

**C. Remedy.**

The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings

would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further proceedings are necessary for a proper determination to be made.

On remand, the ALJ shall re-evaluate the medical opinion of Dr. Burdge. If there is concern with his interpretation of the Personality Assessment Inventory, the ALJ may call a medical expert to testify with his or her interpretations. The ALJ shall consider the Personality Assessment Inventory together with the opinion of Dr. Burdge and not as a separate examination.

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and contains legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 15,** is **DENIED.**

3. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

///
///
///
///
///

4. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 9th day of May, 2017.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 15**